# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  22-mj-1186
A MOTOROLA SMART PHONE AND A PIECE OF )
MAIL )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Eastern_____ District of _____Pennsylvania_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1001, 1028, 1343, and 1028A(a)(1) | false statements, identity theft, wire fraud, and aggravated identity theft |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____/s/ Michael Runge_____
*Applicant's  signature*

_____S/A MICHAEL RUNGE, AMTRAK OIG_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:      07/29/2022

_____/s/ Scott W. Reid_____
*Judge's signature*

City and state: Philadelphia, PA

SCOTT W. REID, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A MOTOROLA SMART PHONE AND A PIECE OF MAIL | Case No. 22-mj-1186 |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Special Agent Michael Runge, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I have been a Special Agent of the National Railroad Passenger Corporation ("NRPC," hereinafter, "Amtrak"), Office of Inspector General ("OIG") since February 2018. I am currently assigned to Amtrak's OIG Office of Investigations, responsible for conducting investigations of fraud, waste and abuse. I have gathered, organized, and analyzed evidence that has led to the indictments and convictions of individuals. During my law enforcement experience, I have conducted and been part of complex fraud investigations. Through the course of the investigations, I have conducted surveillance, utilized confidential informants/sources, written and executed search warrants, served subpoenas, conducted interviews, and executed arrest warrants.

2.      I am a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C).

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from witnesses and other investigative activities. This affidavit is intended to show that there is sufficient probable

cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.     I submit this affidavit in support of an application for a search warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure. I request a search warrant to examine the SUBJECT DEVICE—a Motorola smart phone, described more fully below—and the SUBJECT MAIL PIECE, a piece of mail addressed to Glenn Ford, also described more fully below. Both the SUBJECT DEVICE and the SUBJECT MAIL PIECE were seized by law enforcement officers after arresting KOREY EDMOND WISE pursuant to an arrest warrant issued by the Honorable Carol Sandra Moore Wells in or about September 2020. The arrest warrant was issued after a grand jury sitting in this district returned an indictment against WISE alleging wire fraud and aggravated identity theft.

## **SUBJECT OFFENSES**

5.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that WISE has violated the following statutes, and that the SUBJECT DEVICE and the SUBJECT MAIL PIECE contain evidence, fruits, and instrumentalities of those violations (collectively, the "SUBJECT OFFENSES"):

    a. 18 U.S.C. § 1001 (false statements);

    b. 18 U.S.C. § 1028 (identity theft);

    c. 18 U.S.C. § 1343 (wire fraud); and

    d. 18 U.S.C. § 1028A(a)(1) (aggravated identity theft).

## PROPERTY TO BE SEARCHED

6.      The SUBJECT DEVICE is a Motorola Smart Phone, seized on or about June 29, 2022 from the VEHICLE (defined below). The SUBJECT DEVICE is a Motorola, G stylus, Comic emerald color as listed by Motorola, and the size stated by Motorola is 169.54mm x 77.48mm x 9.35mm. At the bottom of the phone, the words "TYPE: MC382" appear, as shown below. Due to some damage on the bottom of the phone only a partial IMEI can be read, "IMEI:3566 (scratches and dent) 283423188."



7.      The SUBJECT MAIL PIECE is a piece of mail addressed to Glenn Ford at 2404 Silkwood Drive, Saint Louis, MO 63114-1967. The sender of the mail is Missouri Department of Revenue Motor Vehicle Bureau, PO Box 100, Jefferson City, MO 65105-0100. The SUBJECT MAIL PIECE was seized on or about June 29, 2022, from the VEHICLE.

3

**PROBABLE CAUSE**

**The Charged Scheme**

8.      On or about July 11, 2019, a grand jury sitting in this district returned an indictment against KOREY WISE, alleging that WISE committed four counts of wire fraud and three counts of aggravated identity theft. The Indictment is docketed at Crim. No. 19-395, Doc. No. 1, and is incorporated by reference. According to the indictment, WISE engaged in a fraudulent "phishing" scheme to obtain and use credit cards and debit cards. WISE telephoned small businesses and individuals around the country, including in the Eastern District of Pennsylvania, and used false pretenses to obtain credit card and debit card numbers, associated mailing addresses, zip codes and other related information (collectively, "credit card information") from the owners of those small businesses and individuals.

9.      According to the Indictment, as well as records collected from common carriers including Amtrak, Trailways, and Greyhound, between at least January 9, 2014, and at least March 2018, WISE used fraudulent credit cards to purchase travel tickets on various common carriers. He then resold those common carrier travel tickets to other individuals and pocketed the proceeds.

10.      Law enforcement officers interviewed several of the victims of WISE's scheme. Certain victims explained that the unauthorized purchases occurred after the victim received a telephone call from a person fraudulently claiming to be a utility representative attempting to collect an unpaid bill. Other victims received a telephone call from a person fraudulently claiming to be an inspector from a government regulatory board such as a health inspector or inspector of a state cosmetology board

who demanded fee payment in conjunction with a bogus inspection. The victims provided their credit card numbers to the purported utility representative or inspector.

11. Through investigation into these calls, law enforcement officers have identified several telephone numbers, associated with mobile phone accounts, used to facilitate the scheme. Examination of toll logs recorded by the wireless providers have shown incoming calls to this district to telephone numbers of victims interviewed. These incoming calls often correspond to fraudulent purchases of travel tickets.

**The Identity Theft**

12. According to the Indictment, as well as records collected from the State of Missouri and the State of Louisiana, WISE has been operating under the alias Glenn Tommon Ford for many years. According to Ford, his birthdate is November 11, 1975. The Missouri Department of Transportation produced records showing that WISE had obtained a non-driver's license in the name of Ford as early as October 9, 2008. The Louisiana Department of Transportation produced records showing that WISE had obtained an identification card in or about November 2014, using the name Glenn Tommon Ford. When WISE applied for the Louisiana identification card, he provided a copy of the certificate of live birth for the real Glenn Tommon Ford.

13. In the course of the investigation into WISE's scheme, the real Glenn Tommon Ford testified before the grand jury. He testified that WISE had lived with Ford's grandparents for a period of time. While WISE was living with Ford's grandparents, Ford primarily lived elsewhere but he left some of his belongings at his grandparents' house. Ford testified that, although he never gave WISE access to his

belongings or, in particular, his certificate of live birth, he had reason to believe that, while he was away, someone had accessed his bedroom which contained his belongings.

14.    WISE's associate, COLBY DURAN FRAZIER, was also indicted by the grand jury for engaging in a similar scheme. FRAZIER was arrested in February 2021 and began cooperating with the investigating agents. In a series of interviews, FRAZIER confirmed that WISE had engaged in the phishing scheme as set forth above. FRAZIER told investigators that he had observed WISE making phishing phone calls, and that WISE had taught FRAZIER how to execute the phishing scheme. FRAZIER also confirmed that WISE regularly used the alias GLENN TOMMON FORD.

**Wise's Lack of Legitimate Employment**

15.    Your affiant and other law enforcement have reviewed law enforcement databases, including TLO, for information concerning WISE's employment history. Based on my training and experience, I know that law enforcement databases like TLO typically contain evidence of legitimate employment, if a person has such legitimate employment. Those databases returned no records for legitimate employment history or connected businesses.

16.    Additionally, your affiant has contacted agents of the U.S. Department of Labor ("DOL") for records showing WISE's employment history. The U.S. Department of Labor collects records showing wages paid across the United States. Based on my training and experience, if WISE were legitimately employed, those entities would have

records demonstrating such employment, based on the wages that would have been paid to WISE. DOL found no legitimate sources of income in the name of WISE.[1]

**The Arrest**

17.     On or about June 29, 2022, law enforcement agents arrested WISE for the crimes alleged in the Indictment against him. He was arrested while driving his White Cadillac STS sedan (the "VEHICLE"), bearing Missouri license plate number JH7L0F, which was parked in the parking lot at 602 NW 75th St STE A, Gainesville, FL 32607.

18.     At the time of his arrest, WISE was carrying the SUBJECT DEVICE. WISE confirmed that the SUBJECT DEVICE belonged to him. Law enforcement officers executing the arrest warrant left the SUBJECT DEVICE in the VEHICLE. Law enforcement officers then locked the VEHICLE but kept the keys.

19.     At the time of his arrest, and while being processed at the police station, law enforcement officers, including your affiant, asked WISE his name, and WISE identified himself as Glenn Ford, and provided a birthdate of November 11, 1975.[2] There is therefore probable cause to believe that WISE is still falsely identifying himself as

---

[1] DOL had records in the name of "Korey Wise," but based on my review of those records, they related to WISE's son, who bears the same name. In particular, the records showed a date of birth of July 20, 1996, which is WISE's son's birthdate. The records also showed that the income had been earned worked at California and Nevada restaurants, at a time when WISE's son lived in those places, and WISE was apparently in Florida. DOL also had records in the name of Glenn Ford, but, based on my review of those records, they related to the real Glenn Ford, and not WISE. In particular, they showed employment at a trucking company. According to his grand jury testimony, Glenn Ford is a truck driver.

[2] Later, while in the custody of the U.S. Marshals for fingerprinting, I understand that WISE identified himself as KOREY WISE. WISE also identified himself as KOREY WISE in court during his initial appearance.

Glenn Tommon Ford. There is also probable cause to believe that, when WISE identified himself to law enforcement officers as Glenn Ford, and gave Ford's birthdate, he violated 18 U.S.C. § 1001.

20.     At the time of his booking into jail, the booking officials conducted an inventory search of WISE's wallet, and found the following: (1) a social security card in the name of Glenn Tommon Ford, which bears the real Glenn Tommon Ford's social security number; (2) two Louisiana identification cards bearing WISE's photograph but Ford's name and date of birth; (3) a Bank of America debit card for an account ending in x8943 in the name of Glenn Tommon Ford; and (4) a Visa debit card for an account ending in x5155 in the name of Glenn Ford.

21.     After WISE was booked into custody and refused to be interviewed, your affiant returned to the VEHICLE and, looking through the window, your affiant observed the SUBJECT DEVICE, along with a credit or debit card in the center console of the VEHICLE. Your affiant also observed mail in the backseat of the VEHICLE.

22.     There was probable cause to search the vehicle for evidence and fruits of WISE's criminal conduct. First, there was probable cause to believe that the SUBJECT DEVICE was in the VEHICLE and, for the reasons set forth below, the SUBJECT DEVICE contained evidence of WISE's criminal conduct. Second, there was probable cause to believe that the credit or debit card in the center console of the VEHICLE would identify WISE either by his real name or by his assumed alias. Based on my training and experience, and my investigation to date, there was also probable cause to believe that the credit or debit card would contain the fruits of WISE's ongoing fraud scheme. Third, based on my training and experience, there was probable cause to believe that the

VEHICLE and, in particular the glove box of the VEHICLE, contained evidence identifying the owner of the car, including items like registration and proof of insurance, which are typically carried in a VEHICLE. Fourth, based on my training and experience, there was probable cause to believe that the mail in the back seat of the VEHICLE would have been addressed to the recipient, which, in turn, would identify the occupant of the VEHICLE. Finally, I had conducted surveillance of WISE for several days prior to the arrest and had concluded that he had been partially living out of VEHICLE. I observed him access the VEHICLE multiple times per day over the course of the several days in order to get clothing and other necessities. Therefore, based on my training and experience, there was probable cause to believe that the VEHICLE contained evidence identifying the occupant.

23.    Upon searching the VEHICLE, your affiant observed in the center console of the VEHICLE a handwritten note on the back of a dry-cleaning receipt. The note contained credit/debit card numbers and corresponding addresses. The dry-cleaning receipt was in the name of K.G., who, according to law enforcement databases and interviews conducted in the course of the investigation, is WISE's cousin. Although your affiant did not seize the piece of paper, your affiant photographed it. The photograph appears below:



24.     Based on my training and experience, there is probable cause to believe that these credit or debit card numbers were obtained fraudulently and/or possessed with fraudulent intent. First, it is atypical for a user of a legitimate credit or debit card to store the relevant information in handwritten form on the back of a dry-cleaning receipt. Second, the handwritten information included on the receipt is all of the information that a fraudulent user would need to make use of the credit or debit card. Third, the addresses listed along with the credit or debit cards are in Wisconsin and, based on my investigation, WISE has no connection to Wisconsin. To the contrary, at the time of his arrest he appeared to have been living, at least partially, out of his car in Florida.

10

25.     Based on having found these handwritten credit or debit card numbers, there is probable cause to believe that WISE continued to engage in the fraud scheme until his arrest on June 29, 2022.

26.     In searching the VEHICLE, your affiant also found in the glove box the SUBJECT MAIL PIECE and a manilla folder containing documents relating to the ownership of the VEHICLE. Among other things, the folder contained a bill of sale showing the VEHICLE had been purchased on or about May 5, 2022, for a sum of $5,000. The purchaser of the VEHICLE was listed on the bill of sale as Glenn Ford, at the address of 2404 Silkwood Drive, St. Louis, MO. Your affiant also found in the manilla folder a receipt for payment of $490.22 to the Missouri Motor Vehicle Point of Sale Overland Licensing Office. There was also a receipt for the registration of the VEHICLE in the sum of $78.50, in the name of Glenn Ford, at the Silkwood Drive address. There is another May 5, 2022, receipt for $401.40 for an original-non-negotiable salvage title for the VEHICLE. Given the evidence that WISE lacks legitimate employment, there is probable cause to believe that he purchased the VEHICLE and paid the associated costs using fraudulently obtained funds.

27.     In searching the VEHICLE, your affiant also found the SUBJECT DEVICE and the SUBJECT MAIL PIECE. There is probable cause to believe that both the SUBJECT DEVICE and the SUBJECT MAIL PIECE contain evidence, fruits, and instrumentalities of crimes under investigation.

11

## PROBABLE CAUSE TO SEARCH THE SUBJECT DEVICE

**Probable Cause**

28.     Based on my knowledge, training, and experience, I know that electronic devices, like the SUBJECT DEVICE, can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. Even though some of the crimes under investigation were committed many years ago, there is probable cause to believe that information relating to those offenses could be recovered from the SUBJECT DEVICE. Based on my training and experience, mobile phones such as the SUBJECT DEVICE are often backed up to a central location. When a smart phone is replaced with a newer model, the new smart phone is typically repopulated with the information stored at the central location, so information can be maintained on the smart phone and at the central location for many years. Even information that has been deleted can sometimes be recovered with forensics tools.

29.     As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICE was used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Device for the following reasons.

30.     As explained herein, information stored within the SUBJECT DEVICE may provide crucial evidence of the "who, what, why, when, where, and how" of the

criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.

31.     In my training and experience, information stored within a smart phone like the SUBJECT DEVICE (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the smartphone.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the smartphone was remotely accessed, thus inculpating or exculpating the smartphone.

32.     There is probable cause to believe that this "user attribution" information will be found in the SUBJECT DEVICE because, based on my training and experience, one of the primary functions of a smart phone like the SUBJECT DEVICE is to communicate with others. In communicating with others, the user of the SUBJECT DEVICE will sometimes identify himself. There is probable cause to search the written communications on the SUBJECT DEVICE, including emails and text messages, to find out how the user of the SUBJECT DEVICE signed those written communications, and to find out how others communicating with the user addressed their written communications to the user. The user attribution information found in the SUBJECT DEVICE is especially useful in this investigation given that WISE has for years used, and recently provided to federal law enforcement officers, an alias. The user attribution data on the SUBJECT DEVICE will assist law enforcement officers in proving the true

13

identity of WISE and the extent to which WISE has fraudulently used the alias Glenn Ford.

33.     Based on my training and experience, smart phones like the SUBJECT DEVICE typically contain contact lists, logs of telephone calls, and other similar information. There is probable cause that such contact lists, telephone logs, and other similar information will assist law enforcement in confirming the identity of the user of the SUBJECT DEVICE. In particular, law enforcement will be able to review the telephone logs and contact lists to determine whether the contacts contained in the SUBJECT DEVICE are contacts with whom WISE is known to have associated. Likewise, the telephone logs and contact lists and other information may assist law enforcement officers in identifying co-conspirators in, and victims of, WISE's criminal conduct.

34.     Based on my training and experience and my physical examination of the SUBJECT DEVICE, there is probable cause to believe it has a camera, and therefore the ability to take and store photographs and videos. There is also probable cause to believe that photographs and videos stored on the SUBJECT DEVICE show images of WISE, which would be evidence that he was the user of the SUBJECT DEVICE.

35.     Further, smart phone activity can indicate how and when the smart phone was accessed or used. For example, as described herein, smart phones typically contain information that log: user account session times and durations, activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the smart phone accessed networks and the internet. Such information allows investigators to understand the chronological context of smart

14

phone access, use, and events relating to the crime under investigation. Additionally, some information stored within the smart phone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a smart phone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or other cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the smart phone user.

36.     Last, information stored within a smart phone may provide relevant insight into the smart phone user's state of mind as it relates to the offense under investigation. For example, information within the smartphone may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the smart phone or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

37.     WISE's lack of legitimate employment history in combination with the credit or debit card numbers and other personal identifying information found in the VEHICLE suggest that he is generating at least some income through a fraud scheme similar to the one that he was previously charged with. Based on my training and experience and previous investigation into WISE, individuals engaged in such fraud

schemes frequently use their smart phones to contact victims and otherwise perpetrate the fraud scheme.

**Examination Procedure**

38.     Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT DEVICE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

39.     Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night

**PROBABLE CAUSE TO SEARCH THE SUBJECT MAIL PIECE**

40.     There is also probable cause to believe that the SUBJECT MAIL PIECE contains evidence of the offenses under investigation. In particular, in light of the fact that the SUBJECT MAIL PIECE was addressed to Glenn Ford but in the possession of WISE, there is probable cause to believe that the SUBJECT MAIL PIECE will provide evidence about the extent to which WISE has fraudulently used the alias Glenn Ford.

41.     Additionally, based on the return address of the SUBJECT MAIL PIECE, there is probable cause to believe that it was sent from the Missouri Department of Revenue, Motor Vehicle Bureau ("MVB").  Having reviewed the MVB's website, there is probable cause to believe that the contents of the SUBJECT MAIL PIECE relate to

motor vehicle licensing, registration, or titling. Such information will assist law enforcement officers in determining what vehicle was associated with the fraudulent identity of Glenn T. Ford, and what documentation was provided to the MVB in support of the licensing, registration, or titling. Additionally, in light of the fact that the SUBJECT MAIL PIECE was found in the VEHICLE, based on my training and experience, there is probable cause to believe that the SUBJECT MAIL PIECE relates to the VEHICLE, and may contain evidence linking WISE to the VEHICLE.

## **CONCLUSION**

42.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT DEVICE and the SUBJECT MAIL PIECE described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

/s/ Michael Runge
Michael Runge
Special Agent
Amtrak, Office of Inspector General


Subscribed and sworn to before me on July 29, 2022.


/s/ Scott W. Reid
HONORABLE SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE

17

**ATTACHMENT A**
**(Property to be Searched)**

The property to be searched is a Motorola Smart Phone (the "SUBJECT

DEVICE"), a Motorola, G stylus, Comic emerald color as listed by Motorola, the size

stated by Motorola is 169.54mm x 77.48mm x 9.35mm. At the bottom of the phone, the

words "TYPE: MC382" appear. Due to some damage on the bottom of the phone only a

partial IMEI can be read, "IMEI:3566 (scratches and dent) 283423188." THE SUBJECT

DEVICE is currently located at 10 G St NE, Washington, D.C. 2002. This warrant

authorizes the forensic examination of the SUBJECT DEVICE for the purpose of

identifying the electronically stored information described in Attachment B.

The property to be searched is also a piece of mail addressed to Glenn Ford at

2404 Silkwood Drive, Saint Louis, MO 63114-1967 (the "SUBJECT MAIL PIECE"). The

sender of the mail is Missouri Department of Revenue Motor Vehicle Bureau, PO Box

100, Jefferson City, MO 65105-0100. The SUBJECT MAIL PIECE was seized on or

about June 29, 2022, from a White Cadillac STS bearing license plate number JH7L0F.

**ATTACHMENT B**
**(Items to be Seized)**

The items to be seized are the following records on the SUBJECT DEVICE:

 a. All records relating to the identity of the user of the SUBJECT DEVICE, such as logs, phonebooks, saved usernames and passwords, documents, photographs, videos, written communications, and browsing history;

 b. All records relating to the use of the identity of Glenn Tommon Ford, or any variation thereof;

 c. All records relating to the use of the identity of Korey Edmond Wise, or any variation thereof; and

 d. All records relating to personal identifying information of another, including credit and debit card numbers.

The items to be seized are the following records in the SUBJECT MAIL PIECE:

 a. All records relating to the use of the identity of Glenn Tommon Ford, or any variation thereof; and

 b. All records relating to the use of the identity of Korey Edmond Wise, or any variation thereof.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>A MOTOROLA SMART PHONE AND A<br>PIECE OF MAIL | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.   22-mj-1186

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ Pennsylvania _____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ August 8, 2022 _____ *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.      ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the duty magistrate.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*      ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      07/29/2022 10:46 am      /s/ Scott W. Reid

*Judge's signature*

City and state:      Philadelphia, Pennsylvania      Honorable Scott W. Reid, U.S. Magistrate Judge

*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 22-mj-1186 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*